# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2026

Lyle W. Cayce
Clerk

————————

No. 25-70014

————————

Carlos Manuel Ayestas, *also known as* Dennis Zelaya Corea,

*Petitioner—Appellee*,

*versus*

Harris County District Attorney's Office,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2999

———————————————————————

ON PETITION FOR REHEARING EN BANC

(Opinion, March 9, 2026, 5 Cir., 2026, 169 F.4th 586)

Before Elrod, *Chief Judge*, and Jones, Smith, Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:

A member of the court having requested a poll on the petition for rehearing en banc, and a majority of the circuit judges in regular active service and not disqualified having voted in favor,

No. 25-70014

IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs. Pursuant to 5th Circuit Rule 41.3, the panel opinion in this case dated March 9, 2026, is VACATED.

No. 25-70014

JERRY E. SMITH, *Circuit Judge*, dissenting from the order granting rehearing en banc:

This murder was committed more than 31 years ago. It is time for the courts to get on with administering justice in the underlying case. Instead, the en banc court dithers with a routine discovery dispute in a collateral proceeding involving a draconian order, issued to a non-party, that is unreasonably burdensome and violates the work-product privilege.

The panel majority took care of that, explaining why there is appellate jurisdiction, vacating the errant discovery order, and dismissing the meritless claims of selective prosecution that formed the basis for the discovery order. 169 F.4th 586 (2026). Judge Southwick issued a well-crafted and scholarly dissent, denying appellate jurisdiction. *Id.* at 597. Not content, a majority of the active judges have determined to prolong the agony via a theoretical excursion. I respectfully dissent.

Advocates who win at the panel stage often oppose rehearing by urging that en banc resources are scarce and that taking an undeserving case en banc robs more weighty cases of the attention they deserve.[1] That's not my position here. Generally speaking, there should be more en banc polls, and this court does not grant nearly as many en banc rehearings as it should; I more often vote in favor of rehearings than against. The en banc court has plenty of resources to decide as many cases as it is willing to take and to do so comprehensively, efficiently, and correctly.

The point, instead, is that, properly viewed, the decision whether to

---

[1] Those attorneys' statements usually hide a disingenuous message: "Move along, folks. Nothing to see here. We know all you judges are hopelessly overworked, and we want to make your lives easier by not devoting your scarce en banc resources to our case. We already won, so just leave it alone."

rehear should be prudential. One of the key considerations is the district and appellate stage of the litigation and whether seventeen judges are better suited to decide particular questions. The instant extraneous controversy, involving a non-party, has been enough of a diversion from the weighty issues of criminal and habeas corpus law that underlie most death-penalty prosecutions, without prolonging the process for en banc review that could stretch on indefinitely.

We normally should reserve en banc rehearings for issues of the highest magnitude. In the past few months, the en banc court has heard cases involving the Ten Commandments in public-school classrooms,[2] a constitutional challenge to a death sentence,[3] an administrative rule regulating the entire airline industry,[4] standing to challenge a state's immigration-enforcement policies,[5] standing to challenge gun-rights legislation,[6] Presidential authority to remove alien enemies,[7] the Quorum Clause's implications on Congressional proxy voting,[8] and the expansion of the Due Process Clause to create a constitutional right to clean water.[9]

A majority of this court now says that a routine non-party discovery order, with minimal practical or jurisprudential impact for the aggrieved

---

[2] *Roake v. Brumley*, 154 F.4th 329 (5th Cir. 2025) (consolidated with *Nathan v. Alamo Heights Indep. Sch. Dist.*, 157 F.4th 713 (5th Cir. 2025)).

[3] *Holberg v. Guerrero*, 145 F.4th 625 (5th Cir. 2025).

[4] *Airlines for Am. v. Dep't of Transp.*, 154 F.4th 323 (5th Cir. 2025).

[5] *United States v. Texas*, 150 F.4th 656 (5th Cir. 2025).

[6] *Bay Area Unitarian Universalist Church v. Ogg*, No. 23-20165 (5th Cir. Sept. 29, 2025).

[7] *W.M.M. v. Trump*, 154 F.4th 319 (5th Cir. 2025).

[8] *Texas v. Bondi*, 164 F.4th 446 (5th Cir. 2026).

[9] *Sterling v. City of Jackson*, 167 F.4th 806 (5th Cir. 2026).

party, belongs on that list. I do not.

The panel majority opinion answers only jurisdictional questions. So what does the Supreme Court have to say about cases with multiple jurisdictional issues?

A federal court may "choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) (There is no required "sequencing of jurisdictional issues."). Here, we have a Rule 72 issue (appellate *jurisdiction*), a collateral-order issue (appellate *jurisdiction*), an appellate-standing issue (constitutional *jurisdiction*), and a successive-petition issue (28 U.S.C. § 2244(b)'s bar on *jurisdiction*).

"It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas*, 526 U.S. at 585. Each of those is a "threshold ground[] for denying audience to a case on the merits." The panel majority dismissed the case for lack of jurisdiction because § 2244(b) denies jurisdiction over these claims to federal courts at every level.

Some members of this court may heed the siren calls of en banc review because they would rather dismiss the appeal on Rule 72 or collateral-order grounds. This is what will happen if they get their way. The appeal will then be dismissed on one of those grounds, but the en banc court will say nothing as to whether § 2244(b) bars Ayestas's claims. On remand, the district court will proceed without jurisdiction, given that it already has the faulty view that § 2244(b) does not bar Ayestas's claims. The non-party, HCDA, will spend more time and money fighting the discovery order, as will Ayestas in defending it. HCDA might then appeal to the district court or perhaps refuse to comply and then face a contempt order, expending more time and money. That could take years. What is certain is that the case will return to this court.

No. 25-70014

There may be dozens of new issues, but one will remain: Does § 2244(b) jurisdictionally bar Ayestas's claims?  The answer is an obvious "yes."  Do we say it now or say it later?  *Ruhrgas* gives us the choice.

Sometimes the judges who vote to take a case en banc come to regret it.  *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 310 (5th Cir. 2024) (en banc) (per curiam) ("[T]he parties in this case have already endured multiple appeals and remands back to the district court, over the course of nine years.  Another remand would mean that the appellate proceedings in this matter will have delayed resolution of this case by *over a decade*.  Justice delayed is justice denied."), *cert. denied*, 145 S. Ct. 2845 (2025).

We are in our fourth decade of delaying, and thus denying, justice for Santiaga Paneque.  With high regard for my well-intentioned but mistaken colleagues, I respectfully dissent from the decision to grant rehearing en banc.